## ILLINOIS CENTRAL R. CO. v. KELLY.

### Civ. A. No. 2334.

United States District Court
W. D. Louisiana, Shreveport Division.

Oct. 11, 1948.

Freyer, Goode, Nelson & Freyer and A. B. Freyer, all of Shreveport, La., for plaintiff.

Jones, Jones & Brian, of Marshall, Tex., and Wellborn Jack, of Shreveport, La., for defendant.

DAWKINS, Chief Judge.

Before disposing of the motion for a new trial in this case, authority is granted counsel for defendant to number the requested special charges in accordance with his request to this court, by letter, so as to have them properly considered.

The Motion for a New Trial.

While brought out in many separately numbered paragraphs, the grounds upon which the new trial is sought, may be stated, as follows:

The Court erred .(1) in admitting evidence of the habit or practice of defendant with respect to the use of intoxicants, both

before and after his discharge by plaintiff; (2) by denying an opportunity to make objections and take exceptions to the general charge and the refusal to give special charges as provided by Rule 51 of the Rules of Civil Procedure, 28 U.S.C.A.

Counsel declined to make these objections or take his exceptions in the presence of the jury. He now claims that the errors thus committed were: (a) by charging that "defendant would be deemed to have violated Rule G of the Railroad Company if he had gone into the service within any time that it was reasonably calculated intoxicants would be present in his system"; (b) in charging "that there was evidence before them (the jury) that 'for a number of nights before' April 16th, defendant had been in an intoxicated condition"; (c) in charging that evidence of indulgence in intoxicants before and after discharge was for the purpose of corroborating the contention that he, defendant, was under the influence of liquor or had drunk intoxicants within the time limits covered by Rule G on the occasion in question; and that the same was not circumstantial evidence; (d) that the testimony of those who came in contact with defendant and saw no evidence of intoxication was "negative evidence"; and (e) that the Court unduly emphasized throughout the charge to the jury testimony as to intoxication on part of the plaintiff on occasions other than April 16, 1942, particularly in referring to reasons for denial of special charges 5, 6, 7, and 8.

As to ground number one of the motion, the Court thought and still thinks that evidence of indulgence in intoxicants and of intoxication before and after the night in question on the disputed question of fact as to whether defendant had drunk an intoxicant sufficiently close to the time of beginning his work on April 16, 1942, for it to have been present in his system, was admissible to corroborate the evidence tending to show that he had done so, and was under its influence when going on the job. It is also our view that such evidence did not come within the definition of circumstantial evidence. Likewise, it is believed that evidence of witnesses who only saw defendant in the office before beginning his work and who had not worked with him in the yard, to the effect that he did not appear to be under the influence of intoxicants when going on duty the evening of April 16, 1942, was negative in its nature, as contrasted with that of persons who saw him at work and worked with him in the yard, such as his fellow employees, engaged in the same work.

While it is true that Rule 51 states that parties shall be allowed to object to charges given and to except to the refusal of those raised out of the presence of the jury, it is thought that the general charge in this case correctly covered the issues of law raised thereby and that none of the objections now urged to charges given or contentions as to those refused, disclosed error on the part of this Court; and if the refusal was erroneous, the same was harmless.

The motion for a new trial will be denied. Proper decree should be presented.